# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| TRAXXAS, L.P., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 2:16-cv-768-JRG-RSP |
| | § | |
| HOBBICO, INC., et al., | § | JURY TRIAL DEMANDED |
| | § | |
| Defendants. | § | |
| | § | |

## MOTION TO TRANSFER
## BY DEFENDANTS HOBBICO AND ARRMA
## PURSUANT TO FED.R.CIV.P. 12(b)(3) AND 28 U.S.C. § 1404(a) and § 1406(a)

Pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1404(a) and § 1406(a), defendants Hobbico, Inc. ("Hobbico") and Arrma Durango Ltd. ("Arrma") respectfully move to transfer this action to the Central District of Illinois.  This motion is supported by the Declaration of Rick Piester, Vice President and Chief Product Officer of Hobbico.

## I.      Introduction

Hobbico is an Illinois corporation with its principal place of business in Champaign, Illinois.  [Piester Decl. ¶  3 ].  Arrma is a United Kingdom private limited company and a wholly-owned subsidiary of Hobbico.  [Piester Decl. ¶  6 ].  Its principal place of business is in Moira, Derbyshire, U.K.  [Piester Decl. ¶  5 ].

Pursuant to the U.S. Supreme Court's decision in *TC Heartland LLC v. Kraft Foods Group Brands LLC*, __ U.S. __, __ S.Ct. __, 2017 WL 2216934 (May 22, 2017), and 28 U.S.C. § 1400(b), venue as to Hobbico is improper in the Eastern District of Texas because Hobbico neither resides in this District nor has a regular and established place of business in this District. The action against Hobbico should be transferred to the Central District of Illinois ("C.D.Ill."), where venue is proper.  The action against subsidiary Arrma should also be transferred to the C.D.Ill. pursuant to 28 U.S.C. § 1404(a).

## II.     Statement of the Law

### A.      Venue

Venue in a patent case is governed by 28 U.S.C. § 1400(b) which provides:

> (b)     Any civil action for patent infringement may be brought in the judicial district where the defendant <u>resides</u>, or where the defendant has committed <u>acts of infringement and has a regular and established place of business</u>.

28 U.S.C. § 1400(b) (underscoring added.).

On May 22, 2017, the U.S. Supreme Court decided *TC Heartland LLC v. Kraft Foods Group Brands LLC*, Slip. Op., _ U.S. _, 2017 WL 2216934 (May 22, 2017).  *TC Heartland* overruled Federal Circuit caselaw that held that venue in a patent case could be proper in any District where personal jurisdiction could be exercised on a domestic corporation pursuant to 28 U.S.C. § 1391(c).   Rather, the Supreme Court held that § 1400(b) is the sole basis for establishing venue in a patent case against a domestic corporation.  The Court did not address *Brunette Machine Works, Ltd. v. Kockum Industries, Inc.*, 406 U.S. 706 (1972), concerning venue for non-U.S. corporations in patent cases.  *TC Heartland*, Slip Op. at 7 n.2.

The Supreme Court held that, for purposes of § 1400(b)'s first prong, a domestic corporation "resides" only in its State of incorporation.  *Id.* at 7-8.  The Supreme Court did not address the second prong of § 1400(b).  The Federal Circuit addressed the second prong in *In re Cordis Corp.*, 769 F.2d 733 (Fed.Cir. 1985), holding that "the appropriate inquiry is whether the corporate defendant does its business in that district through a permanent and continuous presence there."  769 F.2d at 737.  The court added that this does not require "a fixed physical presence in the sense of a formal office or store."  *Id.*  In that case, the court held that defendant Cordis, a manufacturer of pacemakers, did have "a regular and established place of business" in the District of Minnesota.  The court based its decision on the facts including that (1) Cordis employed two full-time sales representatives in Minnesota, (2) who conducted business out of their home offices, (3) who continually maintained a stock of pacemakers in their home offices, and (4) who engaged in activities such as attending surgeries in which pacemakers were implanted to provide technical consulting services, and that (5) Cordis employed a secretarial service in Minnesota for typing, mailing and receiving Cordis literature, and receiving phone calls which were answered "Cordis Corporation."  *Id.* at 735.

### B.      Transfer

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  Although this is a patent case, Fifth Circuit law governs the transfer analysis.  *See In re Genentech Inc.*, 566 F.3d 1338 (Fed.Cir. 2009) (applying Fifth Circuit law to transfer analysis).  Under §1404(a), the moving party must first show that the claims "might have been brought" in the proposed transferee district.  *In re Volkswagen of Am. Inc.*, 545 F.3d 304, 312-13 (5th Cir. 2008) ("*Volkswagen II*").  Second, the movant must show "good cause" by demonstrating that the "transferee venue is clearly more convenient" than the transferor district.  *Id.* at 315.

In evaluating convenience, the district court must weigh both private and public interest factors.  *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*").  The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive."  *Id.*  The public interest factors include:  "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or the application of foreign law."  *Id.*  In evaluating convenience, these private and public interest factors are not necessarily exhaustive or exclusive and no single factor is dispositive.  *Volkswagen I*, 371 F.3d at 203.  The plaintiff's choice of venue is not a factor considered in this analysis.  *Volkswagen II*, 545 F.3d at 314-15.  Instead, a plaintiff's venue choice "corresponds to the burden that a moving party must meet."  *Id.*

Additionally:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a).

## III.     Venue Is Improper as to Hobbico

Section 1400(b) provides two possible bases for venue in a patent case against a domestic corporation.  Either the defendant must "reside[]" in the District or have "a regular and established place of business" in the District (and have committed "acts of infringement" there).[1]

As to the first prong, Hobbico is an Illinois corporation.  Under *TC Heartland*, Hobbico thus "resides" *only* in Illinois.

As to the second prong, Hobbico does not have a "regular and established place of business" in the Eastern District of Texas.  Hobbico's principal place of business is in Champaign, Illinois.  [Piester Decl. ¶ 3 ].  Hobbico does not have any offices, warehouses, or other physical facilities anywhere in Texas.  [Piester Decl. ¶ 7 ].  Hobbico is not licensed to do business in Texas.  [Piester Decl. ¶ 9 ].  Hobbico does not have a registered agent to receive service of process in Texas.  [Piester Decl. ¶ 11 ].  Hobbico does not have any bank accounts in Texas.  [Piester Decl. ¶ 13 ].  Hobbico does not have any employees, agents, or sales

---

[1]     While acknowledging that venue was then permissible because of now-overruled caselaw permitting 28 U.S.C. § 1400(b) to be read in light of 28 U.S.C. § 1391, Hobbico preserved its objection to venue in this District by denying that venue was proper in its Answer (Hobbico's first responsive pleading in this case).  Hobbico answered:

> Hobbico admits that venue is permissible, for purposes of this action only, under 28 U.S.C. §§ 1391(b)-(d) and 1400(b), but denies that venue is proper or convenient.  Hobbico denies the remaining allegations in Paragraph 7.

Hobbico Answer ¶ 7 [Dkt. 19].

representatives who reside in Texas or maintain a stock of Hobbico products in Texas.  [Piester Decl. ¶ 15 ].  Accordingly, Hobbico does not have a "regular and established place of business" in this District because Hobbico does not "do business in this district through a permanent and continuous presence."  *In re Cordis*, 769 F.2d at 737.

For the above reasons, venue in this District is improper as to Hobbico.  Under 28 U.S.C. § 1406(a), upon a finding of improper venue, this Court has the power to transfer the action against Hobbico to the proper venue, the Central District of Illinois, and Hobbico respectfully requests that this Court do so.

## IV.   The Action Against Arrma Should Be Transferred Along with the Action Against Its Parent Hobbico

Even assuming that venue is proper in this District as to Arrma, this Court should transfer the action against Arrma to the Central District of Illinois along with the action against Hobbico. Such a transfer is authorized and proper under 28 U.S.C. § 1404(a).

First, this action could have been brought against Arrma, a non-U.S. company, in the C.D.Ill. under *Brunette Machine Works, Ltd. v. Kockum Industries, Inc.*, 406 U.S. 706 (1972). Second, as shown below by consideration of the pertinent private and public factors, there is "good cause" to conclude that the C.D.Ill. is "clearly more convenient" than the E.D.Tex.

### A.   The Private Interest Factors Favor Transfer

#### 1.   The Relative Ease of Access to Sources of Proof

Access to sources of proof will be more convenient in the C.D.Ill.

"The Federal Circuit requires the Court to assume that the bulk of all relevant evidence will come from the accused infringer."  *DSS Tech. Mgmt., Inc. v. Apple Inc.*, No. 6:13-cv-919-JDL, 2014 WL 6847569 *2 (E.D.Tex. Nov. 7, 2014) (citing *Genentech*, 566 F.3d at 1345).  "As a result, the place where the defendant's documents are kept weighs in favor of transfer to that location."  *Id.*

Hobbico's documents are in Champaign, Illinois.  Documentation about product design, importation, and sale of Arrma products is available from Arrma's parent, Hobbico, in Champaign, Illinois. [Piester Decl. ¶ 17 ].  Likewise, knowledgeable witnesses are located in the C.D.Ill.  Thus, the principal place where sources of proof can be found concerning Traxxas' claims of infringement and claims for damages is the C.D.Ill.

By contrast, little or no sources of proof concerning defendants' products, neither Hobbico's nor Arrma's, exists in this District.  Accordingly, this factor weighs in favor of transfer.

### 2. The Availability of Compulsory Process to Secure the Attendance of Witnesses

Knowledgeable Hobbico witnesses reside in the C.D.Ill.  If Traxxas desires the presence at trial of such witnesses whom Hobbico does not plan to call, Traxxas would have the benefit of compulsory process in the C.D.Ill., but not in the E.D.Tex.

The ability to secure material witness attendance through a court's subpoena power weighs strongly in favor of transfer.  *In re Hoffman-La Roche, Inc.*, 587 F.3d 1333, 1337-38 (Fed.Cir. 2009); *Genentech*, 566 F.3d at 1345; *DSS Tech.*, 2014 WL 6847569 *3; Fed.R.Civ.P. 45(c)(1) ("A subpoena may command a person to attend a trial . . . only as follows:  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person . . . .").

Accordingly, this factor weighs in favor of transfer.

### 3. The Cost of Attendance for Willing Witnesses

This is the single most important factor in the transfer calculus and it strongly favors transfer. *See Genentech*, 566 F.3d at 1342; *DSS Tech.*, 2014 WL 6847569 *3.  For willing Hobbico witnesses, trial in the C.D.Ill. will be vastly more convenient, with less expense and less lost time.  As discussed above, the witnesses with knowledge concerning Traxxas' claims of infringement and claims for damages reside in the C.D.Ill.

As to inconvenience for Traxxas witnesses, Traxxas voluntarily elected to encounter such costs by filing this suit.  Hobbico and Arrma witnesses did not.

Accordingly, this factor strongly favors transfer.

### 4.      All Other Practical Problems that Make Trial of a Case Easy, Expeditious and Inexpensive

Because venue is not proper for Hobbico in the E.D.Tex., any trial must occur in the C.D.Ill.  If Arrma is transferred with its parent, a single trial could be held as to both defendants in the C.D.Ill.  But if Arrma is not transferred, two trials, one in the E.D.Tex. and one in the C.D.Ill. would be required.  This would result in unnecessarily duplicative expenses, not only for defendants, but also for Traxxas.  Accordingly, this factor also favors transfer.

### B.      The Public Interest Factors Favor Transfer

### 1.      The Administrative Difficulties Flowing from Court Congestion

According to the most recent National Judicial Caseload Profile, available at:

http://www.uscourts.gov/statistics-reports/federal-court-management-statistics-december-2016,

[*See* **Ex. 1**], the C.D.Ill. is much less congested than the E.D.Tex.  As of December 31, 2016, the average caseload per judge in the C.D.Ill. was 495 cases.  [*Id.*].  For the E.D.Tex., the average caseload per judge was 699 cases.  [*Id.*].

This factor favors transfer.

### 2.      The Local Interest in Having Localized Interests Decided at Home

Traxxas alleges that Hobbico's activities in Champaign, Illinois concerning both Hobbico products and Arrma products infringe Traxxas patents, making the C.D.Ill. the "center of gravity" in this case.  *Aten Int'l Co. Ltd. v. Emine Tech. Co.*, 261 F.R.D. 112, 126 (E.D.Tex. June 25, 2009) ("Since California is clearly the 'center of gravity' with respect to the witnesses and parties to this case, this [local interest] factor weighs in favor of transfer."); *DSS Tech.*, 2014 WL

6847569 *4.  Moreover, Traxxas' allegations (particularly the willful infringement allegations) also "'call[] into question the work and reputation' of [defendant] and its employees," which provides a strong local interest in the C.D.Ill. that favors transfer.  *DSS Tech.*, 2014 WL 6847569, at *4 (citing *Hoffman-La Roche Inc.*, 587 F.3d at 1336).

As discussed above for Hobbico, it lacks meaningful presence within this District.  The same is true for Arrma.  Arrma is a U.K. company.  [Piester Decl. ¶ 4 ].  Arrma's principal place of business is in the U.K.  [Piester Decl. ¶ 5 ].  Arrma does not have any offices, warehouses, or other physical facilities anywhere in Texas.  [Piester Decl. ¶ 8 ].  Arrma is not licensed to do business in Texas.  [Piester Decl. ¶ 10 ].  Arrma does not have a registered agent to receive service of process in Texas.  [Piester Decl. ¶ 12 ].  Arrma does not have any bank accounts in Texas.  [Piester Decl. ¶ 14 ].  Arrma does not have any employees, agents, or sales representatives who reside in Texas or maintain a stock of Hobbico products in Texas.  [Piester Decl. ¶ 16 ].

Accordingly, this factor favors transfer.

### 3.    The Familiarity of the Forum with the Law that Will Govern the Case

This factor is neutral.  This case is governed by federal patent law, which the judges in both Districts are equally qualified to apply in an infringement action.  *In re TS Tech. USA Corp.*, 551 F.3d 1315, 1320-21 (Fed.Cir. 2008).

### 4.    The Avoidance of Unnecessary Problems of Conflict of Laws or the Application of Foreign Law

This factor also is neutral.  There are no known conflicts of law in this case.  If any do arise, judges in both Districts are equally qualified to apply the law.  *See In re TS Tech.*, 551 F.3d at 1320-21.

## V.      Conclusion

For the reasons stated above, the Court should transfer this entire action, including both

Hobbico and Arrma, to the Central District of Illinois.


Dated June 7 , 2017                              Respectfully submitted,


                                                 */s/   Carrie A. Beyer*
                                                 Carrie A. Beyer
                                                 IL ARDC No. 6282524

                                                 DRINKER BIDDLE & REATH LLP
                                                 191 N. Wacker Drive, Suite 3700
                                                 Chicago, Illinois 60606-1698
                                                 Tel: (312) 569-1000
                                                 Fax: (312) 569-3000
                                                 carrie.beyer@dbr.com


                                                 Guy N. Harrison
                                                 Texas State Bar No. 00000077
                                                 HARRISON LAW FIRM
                                                 217 N. Center Street
                                                 Longview, Texas 75606
                                                 Tel: (903) 758-7361
                                                 Fax: (903) 753-9557
                                                 guy@gnhlaw.com and
                                                 cj-gnharrison@att.net

                                                 **ATTORNEY FOR DEFENDANTS
                                                 HOBBICO, INC. AND
                                                 ARRMA DURANGO LTD.**

## CERTIFICATE OF CONFERENCE

I, Carrie Beyer, counsel for Defendants Hobbico, Inc. and Arrma Durango Ltd.., certify that counsel for Plaintiff and counsel and local counsel for the Defendants herein, have met and conferred pursuant to Local Rule CV-7(h).  The last phone conference engaged in was on June 6, 2017 at which time both counsel for Plaintiff and counsel for Defendant discussed the matters involved with this motion.  Participating in that conference were Bo Davis and Ed Chinn for the Plaintiff and Carrie Beyer and Guy Harrison as local counsel for the Defendant.  The parties were unable to reach agreement in regard to the matters involved in this motion and it is therefore opposed leaving matters for decision by the court.

*/s/   Carrie Beyer*
Carrie Beyer,

*/s/ Guy N. Harrison*
 Guy N. Harrison, Local Counsel

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of June 2017, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and that all counsel of record who are deemed to have consented to electronic service are being served via the CM/ECF system pursuant to Local Rule CV-5(a)(3).

*/s/   Carrie A. Beyer*
Carrie A. Beyer

88711949.2