**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **TRAXXAS, L.P.,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **Civil Action No. 2:16-cv-768-JRG-RSP** |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **HOBBICO, INC.,** *et al.*, | § | |
| | § | **LEAD CASE** |
| *Defendants.* | § | |

<u>**PLAINTIFF TRAXXAS, L.P.'S MOTION FOR LEAVE**</u>
<u>**TO FILE ITS THIRD AMENDED COMPLAINT**</u>

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................ i

**TABLE OF EXHIBITS** ................................................................. ii

**I.     BACKGROUND** ...............................................................2

    A.     **Two of the three Protective Enclosure Patents are already at issue** ................................................................2

    B.     **HPI is unlikely able to satisfy an adverse judgment and has completely disengaged from the HPI case; thus causing Traxxas to seek enforcement of the Protective Enclosure Patents against Hobbico as HPI's exclusive U.S. distributor** ......................3

    C.     **Traxxas promptly sought amendment** ................................5

**II.    LEGAL STANDARDS** ........................................................6

**III.   GOOD CAUSE EXISTS FOR TRAXXAS' PROPOSED AMENDMENT** .................7

    A.     **The Hobbico case is the most efficient and effective avenue for Traxxas to enforce its Protective Enclosure Patents as to the HPI Accused Products due to HPI being unlikely able to satisfy an adverse judgment and HPI's complete disengagement from the HPI case** ...................................8

    B.     **Traxxas' proposed amendment is important because it will permit the parties to efficiently try in a single trial all of Traxxas' claims against Hobbico for infringement of the Protective Enclosure Patents** ..........10

    C.     **Hobbico will not suffer any prejudice because the facts, products, and patents underlying the HPI case are already at issue** ...............12

    D.     **Any alleged potential prejudice can be cured by a continuance** ...................13

**IV.    THE COURT SHOULD GRANT LEAVE TO AMEND UNDER FEDERAL RULE OF CIVIL PROCEDURE 15** ..........................................14

**V.     CONCLUSION** ..............................................................15

## <u>TABLE OF AUTHORITIES</u>

<u>**Cases**</u>

*Alfa Insurance Corp. v. Brown,*
    No. 3:13-cv-151-DMB-JMV, 2014 U.S. Dist. LEXIS 193996
    (N.D. Miss. June 26, 2014) ........................................................................................11

*Cellular Communs. Equip. LLC v. AT&T Inc.,*
    No. 2:15-cv-576, 2017 U.S. Dist. LEXIS (E.D. Texas. May 24, 2017) ......................6, 10

*Conceal City, L.L.C. v. Looper Law Enf't, LLC,*
    No. 3:10-cv-2506, 2013 U.S. Dist. LEXIS 154426 (N.D. Tex. Oct. 28, 2013)..................6

*EEOC v. Serv. Temps, Inc.,*
    No. 3:08-CV-1552, 2009 WL 3294863 (N.D. Tex. Oct. 13, 2009),
    *aff'd,* 679 F.3d 323 (5th Cir. 2012))........................................................................6

*Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Services,*
    925 F.2d 866 (5th Cir. 1991) ...................................................................................14

*Foman v. Davis,*
    371 U.S. 178, 182 (1962) ..........................................................................................6

*Geiserman v. MacDonald,*
    893 F.2d 787 (5th Cir. 1990) ....................................................................................6

*Hodges v. United States,*
    597 F.2d 1014 (5th Cir. 1979) ..................................................................................6

*In re Am. Int'l Refinery, Inc.,*
    676 F.3d 455 (5th Cir. 2012) ................................................................................7, 14

*In re Indus. Print Techs., LLC Patent Litig.,*
    No. CV 3:15-MD-2614-M, 2015 U.S. Dist. LEXIS 137238 (N.D. Tex. Oct. 7, 2015) ....14

*In re Southmark,*
    88 F.3d 311 (5th Cir. 1996........................................................................................7, 14

*Jones v. Robinson Prop. Grp., L.P.,*
    427 F.3d 987 (5th Cir. 2005) .....................................................................................7

*Little v. Liquid Air Corp.,*
    952 F.2d 841 (5th Cir. 1992). ....................................................................................7

*Lyn-Lea Travel Corp. v. Am. Airlines, Inc.,*
    283 F.3d 282 (5th Cir. 2002). .........................................................................................7

*Memon v. Allied Domecq QSR,*
    385 F.3d 871 (5th Cir. 2004) ...........................................................................................4

*Quintero v. Klaveness Ship Lines,*
    914 F.2d 717 (5th Cir. 1990) ...........................................................................................4

*Reyes v. N. Tex. Tollway Auth.,*
    No. 3:10-CV-0868-G, 2015 U.S. Dist. LEXIS 109338 (N.D. Tex. Aug. 19, 2015) .......10

*Script Sec. Sols., LLC v. Amazon.com, Inc.,*
    No. 2:15-CV-1030-WCB, 2016 U.S. Dist. LEXIS 140272 (E.D. Tex. Oct. 11, 2016) ....10

*S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA,*
    315 F.3d 533 (5th Cir. 2003). .........................................................................................5

*United States ex rel. Bias v. Tangipahoa Parish Sch. Bd.,*
    816 F.3d 315 (5th Cir. 2016). .........................................................................................6

## **Rules**

Fed. R. Civ. P. 15 ........................................................................................... 1, 5, 6, 13

Fed. R. Civ. P. 16 ...................................................................................... 1, 5, 6, 7, 13

COME NOW Plaintiff Traxxas, L.P. ("Plaintiff" or "Traxxas") hereby moves the Court for leave to file its Third Amended Complaint pursuant to the Federal Rules of Civil Procedure, Rule 15(a) and 16(b)(4). Traxxas seeks to add claims against defendant Hobbico, Inc. ("Hobbico") for infringing three patents relating to protective enclosures for model vehicles and only as to certain radio-controlled ("RC") model vehicles made by Hobby Products International Inc. d/b/a/ HPI Racing ("HPI") that Hobbico, HPI's exclusive U.S. distributor, has sold, offered for sale, used, or imported in the United States. *See* Exh. 1, Traxxas' Third Amended Complaint; Exh. 2, HPI Announcement re: Hobbico.

The three "Protective Enclosure Patents" – U.S. Patent Nos. 8,982,541 ("the '541 Patent"), 8,315,040 ("the '040 Patent"), and 8,976,511 ("the '511 Patent") are each titled "Protective Enclosure for Model Vehicle," in the same patent family, and share the same priority date.[1]   They pertain to protective enclosures for model vehicles that protect the vehicles' components and modules against contaminants such as water, mud, dirt, and snow.  The '541 Patent is currently asserted against defendants Hobbico, Inc. and its subsidiary Arrma Durango Ltd. ("Arrma"), and the '541 and '040 Patents are currently asserted against defendant The Firelands Group, LLC ("Firelands") in the present consolidated case ("the Hobbico case"). Traxxas has asserted these patents against HPI in a consolidated case pending in this District – *Traxxas LP v. Hobby Products Int'l,* Nos. 2:14-cv-945 (lead case) and 2:15-cv-1267 (collectively "the HPI case").  The accused products in the HPI case include the HPI products that Traxxas seeks to add to the Hobbico case via this motion, specifically the Bullet Nitro, Sprint 2/Blitz/E-

---

[1] The '040 Patent is the parent of the '511 Patent, and the '541 Patent is the child of the '511 Patent.

Firestorm, Trophy Nitro, Wheely King, Desert Trophy, and WR8 model vehicles ("HPI Accused Products").

Traxxas' motion should be granted because there is good cause for the proposed amendment, no prejudice to Hobbico, and the remaining Rule 15 factors all support allowing the amendment.  Good cause exists for Traxxas' amendment because the Hobbico case would be the most efficient and effective avenue for Traxxas to enforce its Protective Enclosure Patents as to the HPI Accused Products given that HPI is unlikely able to satisfy an adverse judgment and the HPI case has ground to a halt due to HPI's complete disengagement from that case by failing to obtain substitute counsel and being completely non-responsive. Traxxas' proposed amendment is important because it will permit the parties to efficiently try in a single trial all of Traxxas' claims against Hobbico for infringement of the Protective Enclosure Patents as to all accused products. There is no prejudice to Hobbico because the facts, products, and patents underlying the HPI case are already at issue in the Hobbico case.  Any potential prejudice alleged by Hobbico can be readily cured via a reasonable continuance (e.g., 60 days) of case deadlines. Finally, the Rule 15 factors weigh strongly in favor of granting leave to amend because there is no showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or the amendment being futile.

## I.  BACKGROUND

### A.  Two of the three Protective Enclosure Patents are already at issue.

Two of the three Protective Enclosure Patents are already at issue in this litigation.  In the lead case against Hobbico and Arrma (No. 2:16-cv-768), filed on July 12, 2016, Traxxas alleges infringement of six patents, including the '541 Patent which is one of the Protective Enclosure

Patents.[2]  The Hobbico accused products are several dozen Arrma-branded RC model vehicles and Dromida-branded quadcopters (i.e. drones).  In the case against Firelands (No. 2:16-cv-736), filed on July 7, 2016, Traxxas alleges infringement of four patents, including the '541 and '040 Patents which are Protective Enclosure Patents[3] The Firelands accused products are several Helion-branded RC vehicles and an Ares-branded quadcopter.

      **B.  HPI is unlikely able to satisfy an adverse judgment, and it has completely disengaged from the HPI case; thus causing Traxxas to seek enforcement of the Protective Enclosure Patents against Hobbico as HPI's exclusive U.S. distributor.**

Traxxas seeks leave to amend so that it can enforce the Protective Enclosure Patents against Hobbico, which is HPI's exclusive U.S. distributor, as to the HPI Accused Products because HPI is unlikely able to satisfy an adverse judgment, and it has completely disengaged from the HPI case.  HPI is the only remaining defendant in the HPI case because its co-defendant Hobby Products International Europe Ltd. ("HPI Europe") entered insolvency administration in the United Kingdom on or about January 2016 and was subsequently dismissed without prejudice on September 15, 2016. *See Traxxas LP v. Hobby Products Int'l,* No. 2:14-cv-945, at Dkt. Nos. 99 at 1, 109 at 1, 105.

The HPI case is at a standstill because HPI has failed to obtain substitute counsel after its prior counsel withdrew or has not responded to Traxxas' recently-filed motion.  HPI's counsel withdrew in October 25, 2016.  *Id.,* at Dkt. No. 107.  In its motion to withdraw, counsel for HPI

---

[2] The other asserted patents are: U.S. Patent No. 9,061,763 ("the '763 Patent) and 9,221,539 ("the '539 Patent"), both titled "Rotorcraft with Integrated Light Pipe Support Members"; U.S. Patent No. 7,793,951 ("the '951 Patent") titled "Integrated Center Point Steering Mechanism for a Model Vehicle"; U.S. Patent No. 7,883,099 (the '099 Patent") titled "Vehicle Suspension for a Model Vehicle"; and a design patent, U.S. Patent No. D567,886 ("the '886 Patent"), titled "Integrated Center Point Steering Mechanism for a Model Vehicle."

[3] The other patents asserted in the case against Firelands are the '763 and '539 Patents, which both relate to rotorcraft with integrated light pipe support member.

stated that HPI had become non-responsive and that HPI had failed to fulfil its obligation to counsel to pay its legal fees and costs in connection with the case. *Id.*, at Dkt. No. 106 at ¶¶ 1-2. To date, no substitute counsel has appeared for HPI and, to the best of Traxxas' knowledge, HPI has not obtained substitute counsel.

Traxxas has tried to move the HPI case forward. On February 2, 2017, Traxxas moved for a new schedule and trial date. *Id.*, at Dkt. No. 109. On February 6, 2017, the Court declined this request, but invited Traxxas to file a motion for summary judgment if appropriate.[4] *Id.*, at Dkt. No. 110. However, the Court did not explicitly admonish HPI that it is required to obtain counsel or order it to do so. *Id.* In preparing its motion for summary judgment, Traxxas discovered authority suggesting that, because summary judgment "is necessarily granted with prejudice," due process requires an explicit admonition or order that corporate parties must obtain counsel before summary judgment is granted.[5] Thus, Traxxas filed a motion on May 19, 2017 requesting that the Court admonish HPI that it is required to retain counsel and ordering it to do so within 21 days. *Id.*, at Dkt. No. 111. Traxxas served its motion on HPI via certified mail on May 23, 2017. *See* Exh. 3, U.S. Postal Service Tracking Results. The deadline for HPI to file a response brief was June 6, 2017, but HPI did not file a response and did not contact Traxxas about it, which further suggests that HPI intends to remain disengaged from the HPI case. *See* Chin Declaration, ¶ 5. On June 13, 2017, the Court granted Traxxas' motion directing HPI to retain counsel. *Hobby Products Int'l,* at Dkt. No. 113. No substitute counsel has appeared for

---

[4] Alternatively, the Court invited Traxxas to file a motion to strike the answer and proceed by default if HPI has failed to comply with discovery obligations necessary to resolve any genuine issues of fact. *Id.*, at Dkt. No. 110.

[5] *Compare Memon v. Allied Domecq QSR*, 385 F.3d 871, 873-74 (5th Cir. 2004) (reversing and remanding dismissal with prejudice where district court never expressly warned corporate party that it must retain counsel or formally ordered it to do so) *with Quintero v. Klaveness Ship Lines*, 914 F.2d 717, 722 (5th Cir. 1990) ("a summary judgment is necessarily granted with prejudice").

HPI.  Traxxas filed a motion for partial summary judgment of infringement on June 9, 2017 in the HPI case. *Id.,* at Dkt. No. 112.

Because of HPI's willful and complete disengagement and HPI's refusal or inability to pay its prior counsel resulting in their withdrawal, it is unlikely that HPI could or would satisfy an adverse judgment and there are dim prospects for Traxxas' ability to efficiently and effectively enforce the Protective Enclosure Patents as to the HPI Accused Products in the HPI case.  As the exclusive U.S. distributor for HPI products since February 2013, Hobbico is an appropriate party against whom Traxxas can pursue its claims.  Thus, the Hobbico case is the most efficient avenue for Traxxas to enforce its Protective Enclosure Patents as to the HPI Accused Products, which is why Traxxas has filed this Motion.

### C.  Traxxas promptly sought amendment.

The deadline for amending the pleadings without leave of Court was May 11, 2017.[6]  *See* Dkt. No. 30. Because Traxxas seeks to assert additional patents, the '511 and '040 Patents, against Hobbico, it must seek leave of court to amend its pleadings as reflected in this motion. Dkt. No. 30; Fed. R. Civ. P. 16(b)(4).  Traxxas was unsuccessful in obtaining Hobbico's consent to this motion.  On May 15, 2017, Traxxas informed Hobbico about its intent to file this motion and that Traxxas was willing to consider and discuss modifications to the case schedule in an effort to obtain Hobbico's consent to this motion.  Hobbico responded via email on May 17, 2017 that it opposed this motion.  On May 30, 2017, the parties had a meet-and-confer call in which Traxxas asked Hobbico to consider whether there was any scenario involving an extension of certain court deadlines that would be acceptable to Hobbico such that Hobbico would then

---

[6] On May 11, 2007, Traxxas filed its Second Amended Complaint (Dkt. No. 53) to clarify the scope of its claims of infringement relating to the '886 Patent.

agree to Traxxas' proposed amendment.  On June 2, 2017, Hobbico responded that it would oppose this motion.  Firelands does not oppose this motion.

## II.  LEGAL STANDARDS

This motion for leave to amend is governed by Fed. R. Civ. P. 16(b) and 15(a). *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003).  Under Fed. R. Civ. P. 16(b)(4), a motion for leave to file an amended pleading after the deadline in the scheduling order should be granted if there is good cause.  The Fifth Circuit has held that Rule 16 gives trial courts "broad discretion to preserve the integrity and purpose of the pretrial order." *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990) (quoting *Hodges v. United State*s, 597 F.2d 1014, 1018 (5th Cir. 1979)).

In deciding whether good cause exists for an amendment under Rule 16, district courts should consider (1) the explanation for the party's failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *United States ex rel. Bias v. Tangipahoa Parish Sch. Bd.,* 816 F.3d 315, 328 (5th Cir. 2016).  "The court considers the four factors holistically and 'does not mechanically count the number of factors that favor each side.'" *Conceal City, L.L.C. v. Looper Law Enf't, LLC*, No. 3:10-cv-2506, 2013 U.S. Dist. LEXIS 154426, at *7 (N.D. Tex. Oct. 28, 2013) (*citing EEOC v. Serv. Temps, Inc.,* No. 3:08-CV-1552, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009), *aff'd*, 679 F.3d 323 (5th Cir. 2012)).

If "good cause" is established under Rule 16(b), the movant must next establish its right to amend under Fed. R. Civ. P. 15(a).  *Cellular Communs. Equip. LLC v. AT&T Inc.*, No. 2:15-cv-576, 2017 U.S. Dist. LEXIS at *26-27 (E.D. Texas. May 24, 2017).  Under Rule 15(a), a district court should "freely give leave" for a party to amend the pleadings "when justice so

requires."  The rule "'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.,* 283 F.3d 282, 286 (5th Cir. 2002)).  As the Supreme Court teaches, "this mandate is to be heeded." *Foman v. Davis,* 371 U.S. 178, 182 (1962).  A court deciding whether to grant leave should consider several factors, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *In re Am. Int'l Refinery, Inc.,* 676 F.3d 455, 466-67 (5th Cir. 2012) (quoting *In re Southmark*, 88 F.3d 311, 315 (5th Cir. 1996)).  Whether to allow amendment "lies within the sound discretion of the district court." *Little v. Liquid Air Corp*., 952 F.2d 841, 845-46 (5th Cir. 1992).

### III.  GOOD CAUSE EXISTS FOR TRAXXAS' PROPOSED AMENDMENT

The four factors enumerated by the Fifth Circuit in evaluating good cause under Rule 16 all favor allowing Traxxas to amend its pleading.  First, the amendment should be allowed because the Hobbico case is the most efficient and effective avenue for Traxxas to enforce its Protective Enclosure Patents as to the HPI Accused Products given that HPI is unlikely able to satisfy an adverse judgment, and the HPI case has ground to a halt due to HPI's complete disengagement from that case by failing to obtain substitute counsel and being completely non-responsive.  Second, Traxxas' proposed amendment is important because it will permit the parties to efficiently try in a single trial all of Traxxas' claims of infringement of the Protective Enclosure Patents involving the HPI Accused Products that Hobbico has used, sold, offered for sale, or imported in the United States.  Third, there is no prejudice to Hobbico in allowing the amendment because the facts, products, and patents underlying the HPI case are already at issue in the Hobbico case.  Fourth, any prejudice alleged by Hobbico can be readily cured via a

reasonable continuance (e.g., 60 days) of case deadlines including the claim construction hearing date and/or the trial date, which Traxxas would accept if leave is granted.

**A. The Hobbico case is the most efficient and effective avenue for Traxxas to enforce its Protective Enclosure Patents as to the HPI Accused Products due to HPI being unlikely able to satisfy an adverse judgment and HPI's complete disengagement from the HPI case.**

On the first good cause factor, Traxxas decided to seek leave to amend now because HPI is unlikely able to satisfy an adverse judgment, and the HPI case has ground to a halt due to HPI's complete and willful disengagement from that case and failure to obtain substitute counsel. And even if HPI eventually re-engages in the HPI case, it is unlikely that HPI could or would satisfy any judgment given its prior record of not paying its own counsel.  This set of circumstances, which are beyond Traxxas' control, leaves the Hobbico case as most efficient avenue for Traxxas to enforce its Protective Enclosure Patents as to the HPI Accused Products given Hobbico's role as the exclusive distributor of HPI products since February 2013.

After HPI's counsel withdrew from the HPI case in October 25, 2016, HPI has not obtained substitute counsel. *Hobby Products Int'l,* at Dkt. No. 107.  This is not surprising given that HPI's prior counsel alleged that HPI was "entirely non-responsive to Counsel" and had failed to fulfill its obligation to counsel to pay its legal fees and costs in connection with the case. *Id.*, at Dkt. No. 106, ¶¶ 1-2.  After the withdrawal of its counsel, HPI has remained entirely non-responsive.  On May 19, 2017, Traxxas filed a motion requesting that the Court admonish HPI that it is required to retain counsel.  *Id.*, at Dkt. No. 111. Traxxas served that motion on HPI via certified mail on May 23, 2017.  *See* Exh. 3. HPI failed to respond to that motion and did not contact Traxxas' counsel. *See* Chin Decl., ¶ 5. The Court granted HPI's motion on June 13, 2017, and HPI has yet to have substitute counsel appear in that case.  *Hobby Products Int'l,* at Dkt. No.

113. Given this course of events, the most reasonable conclusion is that it is unlikely that HPI will obtain substitute counsel much less participate in any meaningful way in the HPI case.

And even if HPI unexpectedly re-engages in the HPI case, its ability or willingness to satisfy a judgment is highly doubtful given that it refused to pay its prior counsel, which lead to their withdrawal. And should the court grant Traxxas' motion for partial summary judgment of infringement, which Traxxas filed on June 9, 2017 (*Hobby Products Int'l,* at Dkt. No. 112), HPI's complete lack of engagement in the HPI case and failure to pay its prior counsel suggests that a judgment for Traxxas will have meager chances of being collectible.  If HPI will not even pay its own counsel, there is no reason to believe it will pay a competitor with an adverse judgment against it.

Hobbico might argue that the infringement liability of the HPI products should be addressed in the HPI case and not in the Hobbico case.  Pursuing these claims in the HPI case was Traxxas' original intent, which is why it filed the HPI case in October 2014 before filing the Hobbico case in July 2016.  But the present deadlock in the HPI case, which arises from HPI being completely non-responsive and not because of Traxxas' actions, compels Traxxas to file this motion so it can meaningfully and efficiently enforce its patent rights with respect to the Protective Enclosure Patents and the HPI Accused Products sold by Hobbico.

Given that Hobbico has been the exclusive U.S. distributor for HPI products since February 2013, all of the HPI Accused Products sold in the U.S. since February 2013 would likely have been sold by Hobbico.  And having willingly signed on as HPI's exclusive distributor in the U.S., Hobbico cannot claimed to be surprised or prejudiced by being named as an accused infringer for its role in selling the HPI Accused Products.  In light of the unreasonably difficult circumstances faced by Traxxas in the HPI case that were beyond Traxxas' control, Traxxas'

enforcement of its Protective Enclosure Patents with respect to the HPI Accused Products would be most efficiently and effectively handled in the Hobbico case.

    **B.  Traxxas' proposed amendment is important because it will permit the parties to efficiently try in a single trial all of Traxxas' claims against Hobbico for infringement of the Protective Enclosure Patents.**

On the second good cause factor, the importance of Traxxas' proposed amendment weighs heavily in favor of permitting Traxxas to amend its pleading. *Script Sec. Sols., LLC v. Amazon.com, Inc*., No. 2:15-CV-1030-WCB, 2016 U.S. Dist. LEXIS 140272, at *12-13 (E.D. Tex. Oct. 11, 2016) (granting leave to amend answer under Rule 16 where "explanation for the untimely filing of the motion to amend" factor weighed against movant, but the "importance" and "potential prejudice" factors weighed in favor of movant). Traxxas' proposed amendment is important for the following reasons.

First, Traxxas' proposed amendment is important because it will promote judicial efficiency by permitting the parties to efficiently try in a single trial all of Traxxas' claims against Hobbico for infringement of the Protective Enclosure Patents as to all accused products, rather than resolving the claims via piecemeal lawsuits or via the HPI case, which has ground to a halt as explained above. "Judicial efficiency is (1) important, and (2) a basis upon which amendments are allowed in cases." *Cellular Communs. Equip. LLC*, 2017 U.S. Dist. LEXIS at *24; *Reyes v. N. Tex. Tollway Auth.,* No. 3:10-CV-0868-G, 2015 U.S. Dist. LEXIS 109338, at *8 (N.D. Tex. Aug. 19, 2015) ("granting leave to amend [under Rule 16] would . . . promote judicial efficiency by minimizing subsequent lawsuits arising out of the same factual circumstances"); *Alfa Insurance Corp. v. Brown*, No. 3:13-cv-151-DMB-JMV, 2014 U.S. Dist. LEXIS 193996, at *5-6 (N.D. Miss. June 26, 2014) ("Allowing the amendment [under Rule 16] to assert this alternative relief will promote . . . judicial efficiency because it will resolve all legal issues

arising from the same set of facts in one proceeding rather than creating piecemeal litigation and pleadings.").

The facts, patents, and products in the HPI case already overlap with and are implicated in the Hobbico case such that allowing the proposed amendment will promote judicial efficiency while not drastically altering the scope or nature of the Hobbico case.  The three Protective Disclosure Patents are in the same patent family and have the same inventors, which will make discovery about them more efficient and less costly if handled in single proceeding. The '541 Patent is already being asserted against Hobbico in this case as to the Hobbico and Arrma accused products. Traxxas' proposed amendment merely seeks to add the HPI Accused Products. The '040 Patent is already being asserted against Firelands so that patent is already the subject of claim construction and discovery in this case.  Traxxas seeks to assert the '040 Patent against Hobbico and add the HPI products as accused products.  Traxxas also seeks to assert the '511 Patent against Hobbico, and the HPI products accused of infringing that patent are the same as that accused of infringing the '040 Patent.

Hobbico already admits through its conduct that it believes the facts, patents, and products in the HPI case are important to and overlap with the Hobbico case.  In Hobbico's May 25, 2017 disclosure of email search terms, Hobbico requested that Traxxas use the broad search term "'hobby products' or HPI" to search the emails of each of Traxxas' five email custodians. *See* Exh. 4, Hobbico and Arrma's E-Mail Production Requests to Traxxas.  And on June 15, 2017, Hobbico produced to Traxxas nearly every document (Dkt. Nos. 1-23, 25-110) filed by the parties and the Court in the HPI case.  *See* Chin Decl., ¶ 7.  If Hobbico did not believe that the facts, issues, and patents in the HPI case were important to and overlapped with the Hobbico case, then it would not have used search terms to discover HPI-related emails nor would it have

produced nearly every filed document from the HPI case. Thus, Hobbico's conduct demonstrates that allowing the proposed amendment would not drastically alter the scope or nature of the Hobbico case.

Second, Traxxas' proposed amendment is important because, as explained in the prior discussion of the first good cause factor, the Hobbico case is now the most efficient and effective avenue for Traxxas to enforce its Protective Enclosure Patents as to the HPI Accused Products. HPI's failure to pay or communicate with its prior counsel, leading to their withdrawal; its failure to respond to Traxxas' prior motion, either by filing a response or contacting Traxxas; and its ongoing failure to obtain substitute counsel strongly suggests that it is unlikely that Traxxas could obtain and enforce a judgment against HPI that is collectible.  It is important to Traxxas that it can efficiently and effectively enforce its Protective Enclosure Patents as to the HPI Accused Products without being unduly burdened and bogged down by HPI's willful disengagement from the HPI case.

### C. Hobbico will not suffer any prejudice because the facts, products, and patents underlying the HPI case are already at issue.

On the third good cause factor, there is no potential prejudice to Hobbico if Traxxas' proposed amendment is allowed because the facts, products, and patents underlying the HPI case are already at issue in the Hobbico case, as explained above.  The timing of Traxxas' motion has not caused Hobbico to be precluded from conducting discovery about HPI.  To the contrary, Hobbico has already sought broad-based discovery concerning HPI via its email search term requests concerning HPI.  The fact discovery period does not close until November 6, 2017, and Hobbico has yet to serve any interrogatories, requests for admission, deposition notices, or third-party subpoenas so there remains ample time and opportunity for it to conduct a full range of discovery about HPI.  The assertion of the '040 and '511 Patents does not prejudice Hobbico

given that these patents are very similar to and in the same family as the '541 Patent.  Traxxas'
proposed Third Amended Complaint includes a complete set of infringement contentions relating
to the HPI Accused Products, thus Hobbico has notice of Traxxas' infringement theories. Exh. 1.
The scope and nature of the case will not materially change, and the amendment will not cause
prejudice to Hobbico given that the facts, products, and patents underlying the HPI are already at
issue, and HPI has admitted that through its own discovery requests and document productions to
Traxxas.

### D.  Any alleged potential prejudice can be cured by a continuance.

On the fourth good cause factor, any potential prejudice alleged by Hobbico can be
readily cured via a reasonable continuance (e.g., 60 days) of case deadlines such as the claim
construction hearing date and/or the trial date, which Traxxas would accept if leave is granted,
and via appropriate supplementation of contentions and other disclosures.  For example, the
claim construction hearing date (July 27, 2017) can be re-scheduled to allow the parties to
supplement their patent rule disclosures and/or claim construction briefs to address any
additional claim construction issues flowing from the amendment that the parties believe are
needed.  And with the fact discovery period closing on November 6, 2017, there remains
sufficient time to ensure that discovery about the HPI Accused Products can be completed and
used in trial preparation.

During the meet-and-confer process, Traxxas asked Hobbico whether there was any
scenario involving a continuance of certain case deadlines that Hobbico would find acceptable
such that it could then consent to Traxxas' motion. *See* Chin Decl., ¶ 8.  However, Hobbico
persisted in its opposition and did not indicate that a continuance of any length would cause it to
change its mind. *Id*. It is unreasonable for Hobbico to take the position that no continuance,

regardless of length, could cure any alleged potential prejudice.  If the Court is inclined to order a continuance to address any alleged potential prejudice to Hobbico, Traxxas believes that a 60-day continuance would be appropriate.

### IV.  THE COURT SHOULD GRANT LEAVE TO AMEND UNDER FEDERAL RULE OF CIVIL PROCEDURE 15

Having satisfied the good cause requirement of Federal Rule of Civil Procedure 16, Traxxas requests that leave to amend be granted under Federal Rule 15. Under Rule 15(a), a district court should "freely give leave" for a party to amend the pleadings "when justice so requires." A court deciding whether to grant leave should consider several factors, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *In re Am. Int'l Refinery, Inc.*, 676 F.3d 455, 466-67 (5th Cir. 2012) (quoting *In re Southmark*, 88 F.3d 311, 315 (5th Cir. 1996)). Unless the non-moving party can show one of these factors, leave should be freely given. *In re Indus. Print Techs., LLC Patent Litig.*, No. CV 3:15-MD-2614-M, 2015 U.S. Dist. LEXIS 137238, at *4 (N.D. Tex. Oct. 7, 2015).

Here, these factors weigh strongly in favor of granting leave to amend.  First, there is no bad faith, undue delay, or dilatory motive by Traxxas. With the HPI case at a virtual standstill due to HPI being completely non-responsive and the unlikelihood that HPI could or would satisfy an adverse judgment, it is reasonable and expected for Traxxas to now seek a more viable and efficient path towards enforcing its Protective Enclosure Patents as to the HPI Accused Products.  The unfortunate situation that Traxxas faces in the HPI case is caused by HPI and not Traxxas. Second, Traxxas has not repeatedly failed to cure deficiencies by previously allowed amendments, as this is Traxxas' first request for leave to amend to add claims pertaining to the

HPI Accused Products. Third, as demonstrated above, there is no undue prejudice to Hobbico because the facts, products, and patents underlying the HPI case are already relevant to or at issue in this case as evinced by Hobbico's broad-based email search requests to Traxxas concerning HPI and production of nearly every filed document in the HPI case.  Also, there remains ample time and opportunity for Hobbico to conduct more discovery about the HPI Accused Products and the additionally asserted patents. Fourth, the proposed amendment would not be futile because Traxxas has sufficiently pled its claims as to Hobbico's infringement of the Protective Enclosure Patents via the HPI Accused Products.  Where, as here, there exists no "substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Services*, 925 F.2d 866, 874 (5th Cir. 1991).  The Court should therefore grant Traxxas' request for leave to amend.

## V.  CONCLUSION

For the foregoing reasons, Traxxas respectfully requests that the Court grant its Motion for Leave to File Its Third Amended Complaint.

Dated:  June 20, 2017

Respectfully Submitted,

By: */s/ William E. Davis, III*
William E. Davis, III
Texas State Bar No. 24047416
bdavis@davisfirm.com
Debra Coleman (Of Counsel)
Texas State Bar No. 24059595
dcoleman@bdavisfirm.com
Edward Chin (Of Counsel)
Texas State Bar No. 50511688
echin@bdavisfirm.com
**THE DAVIS FIRM, PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

***Counsel for Plaintiff***
***Traxxas, L.P.***

16

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document is being filed electronically in compliance with Local Rule CV-5(a).  As such, this document is being served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(V).  Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), any counsel of record not deemed to have consented to electronic service will be served with a true and correct copy of the foregoing by email on this 20th day of June 2017.

*/s/ William E. Davis, III*
William E. Davis, III

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel has complied with the meet and confer requirement in Local Rule CV-7(h) regarding the subject matter of this motion, which is opposed by Hobbico. Counsel for Traxxas, Hobbico, and Firelands telephonically met and conferred on Tuesday, May 30, 2017. The participants on the call were Bo Davis and Edward Chin of the Davis Firm for Traxxas; Carrie Beyer of Drinker Biddle & Reath, LLP and Guy Harrison of the Harrison Law Firm for Hobbico; and Josh Thane of Haltom & Doan for Firelands. Counsel for Hobbico expressed that Hobbico would oppose the relief sought in Traxxas' motion. Counsel for Firelands expressed that it did not oppose Traxxas' motion. On Friday, June 2, 2017, Hobbico's counsel confirmed again via electronic mail that Hobbico opposes Traxxas' motion, and thus discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve.

*/s/ William E. Davis, III*
William E. Davis, III

17