# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| **TRAXXAS, L.P.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Civil Action No. 2:16-cv-768-JRG-RSP** |
| | § | |
| **HOBBICO, INC., et al.,** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **Defendants.** | § | |
| | § | |

## DEFENDANTS HOBBICO'S AND ARRMA'S
## RESPONSE IN OPPOSITION TO PLAINTIFF TRAXXAS'
## MOTION TO FILE THIRD AMENDED COMPLAINT

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ........................................................................................................ 1

II.     STATEMENT OF THE LAW ...................................................................................... 2

III.    TRAXXAS CANNOT ESTABLISH GOOD CAUSE FOR ITS LACK OF
        DILIGENCE IN SEEKING LEAVE TO AMEND. ...................................................... 3

        A.      Traxxas' Attempt to Explain Its Failure to Timely Comply with the DCO
                Fails to Establish Good Cause. ........................................................................ 4

        B.      The Untimely Amendment Is Not Important in these Circumstances. ................... 5

        C.      The Untimely Amendment Will Unduly and Unfairly Prejudice Hobbico. .......... 6

        D.      A Continuance Will Not Cure the Prejudice of the Untimely Amendment. ......... 7

IV.     THE RULE 15 FACTORS ALSO WEIGH AGAINST ALLOWING
        AMENDMENT IN THESE CIRCUMSTANCES. ......................................................... 8

V.      ARRMA ALSO OPPOSES AMENDMENT .................................................................. 9

VI.     CONCLUSION .......................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**                                                                            **Page(s)**

*Allergan Inc. v. Teva Pharms. USA Inc.*,
   No. 2:15-cv-1455-WCB, 2017 U.S. Dist. LEXIS 4545 (E.D.Tex. Jan. 12,
   2017) (Bryson, J.) ...........................................................................................................2

*Fahim v. Marriott Hotel Servs. Inc.*,
   551 F.3d 344 (5th Cir. 2008) .........................................................................................2

*Filgueira v. US Bank Nat'l Ass'n*,
   734 F.3d 420 (5th Cir. 2013) ...................................................................................2, 4, 5

*Marucci Sports LLC v. NCAA*,
   751 F. 3d 368 (5th Cir. 2014) .......................................................................................3, 8

*S & W Enters. v. SouthTrust Bank of Alabama*,
   315 F.3d 533 (5th Cir. 2003) .........................................................................................3

*Slip Track Sys. Inc. v. Metal-Lite Inc.*,
   304 F.3d 1256 (Fed.Cir. 2002).......................................................................................2

*Squyres v. Heico Cos.*,
   782 F.3d 224 (5th Cir. 2015) .......................................................................................2, 3

*Trustees of Columbia Univ. v. Symantec Corp.*,
   811 F.3d 1359 (Fed.Cir. 2016).......................................................................................7

**STATUTES, RULES, AND TREATISES**

Charles Alan Wright, *et al.*,
   FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed. 1990) ..................................2

Fed.R.Civ.P. 15.........................................................................................................2, 3, 8

Fed.R.Civ.P. 16.......................................................................................................2, 4, 5, 8

Fed.R.Civ.P. 69.............................................................................................................5

Local Rule CV-5(a)(3).................................................................................................11

There is no valid cause, let alone "good cause," for plaintiff Traxxas' tardy motion to file a Third Amended Complaint after the deadline set by this Court's Document Control Order — and adding *34 new products* and 2 new patents never before asserted against Hobbico, and defendants Hobbico, Inc. ("Hobbico") and Arrma Durango Ltd. ("Arrma") respectfully request that the Court deny Traxxas' motion.

## I.     Introduction

Traxxas has known since at least October 2016 the facts it proffers as its reason for not complying with this Court's Docket Control Order deadline for amending the pleadings. Traxxas would have this Court believe that it, somehow, only recently became aware of some kind of pressing need to add two patents and 34 new products to this case against Hobbico because of purported financial difficulties of a defendant, Hobby Products International ("HPI"), in a different case that might make it judgement-proof.

But whatever the circumstances of HPI may be, Traxxas' own telling of the tale concerning the HPI litigation shows that Traxxas has known since October 2016 all the pertinent facts it asserts as an explanation for not complying with the DCO.  Traxxas admits that the Court permitted HPI's counsel to withdraw in October 2016 — without substitution of new counsel — because HPI was apparently unresponsive to counsel and not paying its bills.   HPI's unresponsiveness has apparently been a constant since that date.  So, too, has Traxxas knowledge of these facts.  Traxxas' proposed amendment would add new two patents and *34 new products* to the Hobbico case mere weeks before the *Markman* hearing, unduly prejudicing both the Court and Hobbico.

In these circumstances, Traxxas cannot satisfy the stringent "good cause" requirement for retroactively excusing Traxxas' failure to amend its pleadings within the time period set by this Court's DCO.  Traxxas' motion should be denied.

## II.     Statement of the Law

The Federal Circuit has held that, because amendment of pleadings is a procedural issue not unique to patent law, regional circuit law governs a motion to amend the pleadings.  *Slip Track Sys. Inc. v. Metal-Lite Inc.*, 304 F.3d 1256, 1262 (Fed.Cir. 2002).

Under Fifth Circuit law, "[a]lthough, Rule 15(a) of the Federal Rules of Civil Procedure ordinarily governs the amendment of pleadings, 'Rule 16(b) governs the amendment of pleadings after a scheduling order's deadline to amend has expired.'"  *Squyres v. Heico Cos.*, 782 F.3d 224, 237 (5th Cir. 2015) (quoting *Filgueira v. US Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013)).  Rule 15 "is a lenient standard, but it does not apply if an amendment would require the modification of a previously entered scheduling order."  *Filgueira*, 734 F.3d at 422 (citation omitted).  "Once a scheduling order's deadline has passed, that scheduling order may be modified 'only for good cause and with the judge's consent.'"  *Id.* (quoting Fed.R.Civ.P. 16(b)(4)).  "The party seeking to modify the scheduling order has the burden to show good cause."  *Allergan Inc. v. Teva Pharms. USA Inc.*, No. 2:15-cv-1455-WCB, 2017 U.S. Dist. LEXIS 4545 (E.D.Tex. Jan. 12, 2017) (Bryson, J.) (citing *Squyres*, 782 F.3d at 237).  "A party is required 'to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'"  *Filgueira*, 734 F.3d at 422 (citing *Fahim v. Marriott Hotel Servs. Inc.*, 551 F.3d 344, 348 (5th Cir. 2008) (quoting 6A Charles Alan Wright, *et al.*, FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed. 1990)).  "If a party shows good cause for missing the deadline, then the 'more liberal standard of Rule 15(a) will apply to the district court's denial of leave to amend.'"  *Id.*

The Court considers four factors in determining whether good cause has been shown for missing a deadline and asking that the Court's scheduling order be retroactively amended:

    (1)    the explanation for the failure to timely comply with the scheduling order;

    (2)    the importance of the modification;

    (3)    potential prejudice in allowing the modification; and

    (4)    the availability of a continuance to cure such prejudice.

*Squyres*, 782 F.3d at 237 (citation and punctuation omitted); *see also S & W Enters. v. SouthTrust Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003).

If the Court finds that good cause has been shown for the delay, then the Court considers whether amendment is proper under Rule 15. The factors relevant to the Rule 15 analysis are: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , and futility of the amendment." *Marucci Sports LLC v. NCAA*, 751 F. 3d 368, 378 (5th Cir. 2014).

## III. Traxxas Cannot Establish Good Cause for its Lack of Diligence in Seeking Leave to Amend.

Traxxas asked to file a Third Amended Complaint almost six weeks after this Court's DCO's May 11, 2017 deadline for amending pleadings. But Traxxas already *did* file a Second Amended Complaint on the May 11th deadline for the purpose (Traxxas says) of "clarify[ing] the scope of its claim" [Traxxas Mot. at 5 n.6]). And Traxxas knew all the facts it would have needed to include its new allegations in the Second Amended Complaint, but did nothing to act on that knowledge. Its new allegations would unfairly add two patents and *34 new products* to this litigation against Hobbico. Under this set of facts, Traxxas could never establish good cause for its lack of diligence in not including every theory it knew of as of the date of filing its Second Amended Complaint.

### A.  Traxxas' Attempt to Explain Its Failure to Timely Comply with the DCO Fails to Establish Good Cause.

Traxxas attempts to explain its failure to comply with the DCO's May 11, 2016 deadline for amending the pleadings by saying it now realizes that the supposed financial difficulties of Hobby Products International ("HPI") require it to proceed against Hobbico (HPI's distributor) instead.  This may be an explanation for why Traxxas seeks an amendment that conveniences Traxxas — but inconveniences the Court and Hobbico.  But it is not a valid explanation for Traxxas' *delay*.  That is what Rule 16 requires Traxxas to explain to this Court.  Specifically, Fifth Circuit law requires Traxxas "to show that the deadlines *cannot* reasonably be met *despite the diligence* of the party needing the extension." *Filgueira*, 734 F.3d at 422 (emphasis added). Traxxas cannot — and does not — show that it was unable to meet the May 11th deadline and cannot — and does not — show that it exercised diligence at all.

HPI's counsel withdrew on October 25, 2016 — eight months before Traxxas filed its motion to amend.  [Traxxas Mot. at 3].  Traxxas concedes that it knew the reasons for the withdrawal was that HPI had become an unresponsive client and was not paying its obligations to its counsel.  [*Id.* at 3-4].  Traxxas knew that no replacement counsel appeared at the time (or has ever appeared) and that this "is not surprising" [Mot. at 8] given those good reasons for which the Court permitted counsel to withdraw. That is an admission of lack of diligence.  If it was "not surprising" that HPI would never hire replacement counsel, then Traxxas has known since at least October 2016 that HPI might have difficulty enforcing its putative patent rights against HPI.  Despite knowing that HPI was unresponsive and not paying its bills, why did Traxxas not seek at that time to default HPI or to amend its pleadings against Hobbico?

Traxxas also admits it knew that HPI's subsidiary, co-defendant HPI Europe, had entered insolvency administration in January 2016.  [*Id.* at 3].  Again, why did Traxxas not seek default

against HPI or amendment as to Hobbico then?  Why did Traxxas, instead, sit on its hands until June 20, 2017 before moving to add the patents and products at issue in the HPI case to the Hobbico case?

Traxxas calls the situation in the HPI case "the present deadlock."  [Mot. at 9].  But the same "deadlock" has existed since October 2016.  It is not just "present."  It is also "past."  And Traxxas sat on its hands while the past became the present.  Nothing in Traxxas' motion explains Traxxas' delay.

In *Filgueira*, the Fifth Circuit affirmed denial of a motion to amend filed *eleven days* after the deadline had passed.  734 F.3d at 421.  If a delay of eleven days is sufficient reason to find lack of "good cause" under Rule 16, then Traxxas delay of almost six weeks after the deadline (and eight months after the withdrawal of HPI's counsel) certainly shows a lack of diligence and lack of "good cause" here.

### B.    The Untimely Amendment Is Not Important in these Circumstances.

Traxxas says its proposed amendments are "important" because they will purportedly permit Traxxas to "efficiently" try all its claims in one trial against Hobbico, rather than against HPI whom Traxxas asserts is in financial dire straits.

Traxxas has not offered any independent evidence of HPI's supposed financial difficulties.  It has waited months since no replacement counsel appeared for HPI before acting to seek summary judgment (or a default judgment).  Traxxas could have acted long ago, obtained a judgment, and sought to satisfy it.

Traxxas' suggestion that HPI will not voluntarily "pay a competitor with an adverse judgment against it" is not entitled to any weight.  The Federal Rules supply ample measures for executing a judgment against assets of a non-paying judgment debtor.  *See* Fed.R.Civ.P. 69.  HPI is a California corporation.  [Complaint, *Traxxas v. HPI* ¶ 2].

If Traxxas had acted diligently to enforce its putative rights and discovered that it could not find sufficient assets to satisfy a judgment, then Traxxas might have been in a better position to tell this Court now that HPI's condition warrants foisting new patents and dozens of new accused products on Hobbico a month before the *Markman* hearing.  But Traxxas did not proceed diligently to be in a position to offer anything more than its supposition concerning HPI, and it is too late now.  Traxxas, thus, has not shown that there are "important" reasons to permit this untimely amendment of the pleadings.

### C.     The Untimely Amendment Will Unduly and Unfairly Prejudice Hobbico.

If the Court permits Traxxas' untimely amendment, then Hobbico will be required to analyze *34 new products*[1] in light of patent claims in all three patents it has never had cause to analyze for those products — and perform a prior art search for claims of two of the patents it has never had cause to undertake.  This analysis will be all the more difficult because Hobbico does not design or manufacture these 34 new HPI products, but rather distributed them.  Hobbico will have to undertake these tasks while preparing for the *Markman* hearing set for July 27, 2017.  Traxxas could have allowed Hobbico to do this work long ago if it had timely given notice of a desire to proceed against Hobbico — but Traxxas sat on its hands.

Traxxas strangely asserts that "the facts, product, and patents underlying the HPI case are already at issue in the Hobbico case."  [Mot. at 12].  That is simply not true.  Traxxas admits it seeks to "add" new products, in fact, dozens of them.  [Mot. at 11].  Traxxas admits that two of

---

[1]     Traxxas identifies eight model names as "HPI Accused Products."   [Mot. at 1-2]. Hobbico distributed 34 separate products under those eight model names.

the three new patents have never been asserted against Hobbico before.  [Mot. at 1].[2]  Although the patents may be of the same patent family, with a common specification, the claims differ from patent to patent.  *See, e.g., Trustees of Columbia Univ. v. Symantec Corp.*, 811 F.3d 1359, 1370 (Fed.Cir. 2016) ("[E]ach claim in a patent is presumptively different in scope.").

Traxxas says it "merely seeks to add the HPI Accused Products" to this case.  [Mot. at 11].  Traxxas is misusing the word "merely."  There are *34 products* covered by Traxxas definition of "HPI Accused Products."  The proposed amendment would substantially expand the universe of products that Hobbico must now study (without the benefit of being the designer or manufacturer of these 34 products) in comparison to the claims of the three patents Traxxas wishes to assert against them.  Traxxas seeks to suddenly foist this burden on Hobbico at the same time Hobbico is already complying with its many obligations under the DCO to advance this case toward claim construction.

Traxxas has not shown that its proposed amendment would not unduly and unfairly prejudice Hobbico.

### D.  A Continuance Will Not Cure the Prejudice of the Untimely Amendment.

This case is set for a *Markman* hearing on July 27, 2017.  Traxxas waited until June 20, 2017 — just over a month before the scheduled hearing — to file its motion to amend.  Asking this Court to re-arrange its schedule at this late date with a "continuance" is unreasonable.  Also, counsel will, of course, have to spend time in preparation for that hearing as it fast approaches.  If this Court actually granted Traxxas' suggested continuance — no doubt just shortly before

---

[2]     Hobbico's use of "HPI" as an email search term results from there being one common patent asserted against Hobbico and HPI.  Thus, the requested discovery might provide some useful information concerning claim construction and damages (such as licensing or market data) for that common *patent*.  But it does not mean that the HPI *products* accused in the HPI case, but not in the Hobbico case, are relevant or that Hobbico would have had reason to analyze the HPI products in light of the claims of the patents.

July 27th — then counsel would have to duplicate their preparation at some date in the future. Thus, a continuance would *cause* undue prejudice, not cure it.

## IV.    The Rule 15 Factors Also Weigh Against Allowing Amendment in these Circumstances.

Although the Court should not reach a Rule 15 analysis because Traxxas cannot satisfy the Rule 16 test of "good cause" for ignoring the DCO's deadline for amending pleadings, Traxxas also cannot satisfy the Rule 15 test.  Although Rule 15 is lenient, it is not a rubber stamp.

Leave to amend under Rule 15 should be denied in situations of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , and futility of the amendment."  *Marucci*, 751 F.3d at 378.  This case involves "undue delay," "repeated failure to cure deficiencies by amendments previously allowed," and "undue prejudice."

As discussed above, Traxxas has known of HPI's purported financial difficulties and its lack of counsel-of-record since October 2016.  But Traxxas waited eight months before filing its motion to amend.  That is undue delay.

Traxxas seeks to file a Third Amended Complaint — that is, Traxxas' *fourth* complaint in this case.  Traxxas filed its First Amended Complaint on August 2, 2016.  Although it was before HPI's counsel was permitted to withdraw, it was certainly after Traxxas knew that Hobbico was a distributor of HPI products.  Traxxas, thus, knew that it could have asserted the three patents concerning the HPI products in the Hobbico case, but did not.  Then, on May 11, 2017 (the deadline for amending pleadings), Traxxas filed a Second Amended Complaint.  Again, Traxxas did not add the new patents or the new HPI products.  (Of course, Traxxas still would have needed the Court's permission to add new patents.  [*See* Amended DCO, Dkt. # 47 at 4]).

- 8 -

Traxxas did not learn anything new between May 11th and June 20th when it filed its motion to amend.  Traxxas could have tried on May 11th to "cure" the perceived problem of not having an engaged defendant in a case involving the HPI products, but did not.

As discussed above, Hobbico would suffer undue prejudice if Traxxas is permitted to add new patents and *dozens of new products* to this case mere weeks before the *Markman* hearing. Permitting amendment will necessarily force Hobbico to divert resources toward analyzing the 34 new products in light of the new patents and having to undertake a  new prior art analysis for the new claims.  Likewise, continuing the *Markman* hearing while preparation for the hearing is already underway will cause unnecessary duplication of efforts at some future date for the continued *Markman* hearing.  This prejudice would be undue.

Whatever, Traxxas' motives were for these delays, they warrant denying leave to amend which would foist undue prejudice upon Hobbico.

## V.    Arrma Also Opposes Amendment

Although the new accusations Traxxas seeks to introduce into this case are directed at Hobbico, Arrma (Hobbico's subsidiary) likewise opposes amendment.   Traxxas' tardy amendment would add to the time, expense, and complexity of discovery and trial in this case and, thus, injure Arrma as well as Hobbico.

## VI.    Conclusion

For the reasons stated above, the Court should deny Traxxas' motion to amend its pleadings, which would impose undue and unfair prejudice on this Court and Hobbico, after the deadline set by this Court's DCO was allowed to pass by Traxxas' lack of diligence.

Dated:  June 29, 2017                              Respectfully submitted,


                                                  _____*/s/ Carrie A. Beyer*_____
                                                  Carrie A. Beyer
                                                  IL ARDC No. 6282524

                                                  DRINKER BIDDLE & REATH LLP
                                                  191 N. Wacker Drive, Suite 3700
                                                  Chicago, Illinois 60606-1698
                                                  Tel: (312) 569-1000
                                                  Fax: (312) 569-3000
                                                  *carrie.beyer@dbr.com*


                                                  Guy N. Harrison
                                                  Texas State Bar No. 00000077
                                                  HARRISON LAW FIRM
                                                  217 N. Center Street
                                                  Longview, Texas 75606
                                                  Tel: (903) 758-7361
                                                  Fax: (903) 753-9557
                                                  *guy@gnhlaw.com and*
                                                  *cj-gnharrison@att.net*

                                                  **ATTORNEY FOR DEFENDANTS**
                                                  **HOBBICO, INC. AND**
                                                  **ARRMA DURANGO LTD.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 29th day of June 2017, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and that all counsel of record who are deemed to have consented to electronic service are being served via the CM/ECF system pursuant to Local Rule CV-5(a)(3).

*/s/ Carrie A. Beyer*
Carrie A. Beyer

89488444