**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| TRAXXAS, L.P., <br><br> Plaintiff, <br><br> v. <br><br> HOBBICO, INC., *et al.*, <br><br> Defendant. | No. 2:16-cv-00768-JRG-RSP |

**STIPULATED PERMANENT INJUNCTION ORDER AND FINAL JUDGMENT**

This matter is before the Court on the unopposed motion of Plaintiff Traxxas, L.P. ("Traxxas") (Dkt. No. 145).

**Whereas**, this Stipulated Permanent Injunction Order and Final Judgment concerns the patent infringement claims between Traxxas and Defendant The Firelands Group, LLC ("Firelands") in this Civil Action No. 2:16-cv-00768 (referred herein as the "Litigation"); and

**Whereas**, in this Litigation, Traxxas brought infringement claims against Firelands under United States Patent Nos. 8,315,040 B2; 8,982,541 B1; 9,061,763 B1; and 9,221,539 B2 (collectively, the "Traxxas Patents"); and

**Whereas**, Traxxas owns the Traxxas Patents; and

**Whereas**, Firelands agrees that in the past it has infringed upon one or more claims of each of the Traxxas Patents; and

**Whereas**, Firelands recognizes that 35 U.S.C. § 282 presumes the Traxxas Patents are valid and further agrees that the Traxxas Patents are valid; and

**Whereas**, to the best of Firelands' knowledge at this time, the Traxxas Patents are enforceable; and

**Whereas**, Firelands does not contest that Traxxas' damages for Firelands' past infringement of the Traxxas Patents are One Million Two Hundred Forty Thousand One Hundred Ninety-Four dollars (US $1,240,194.00); and

**Whereas**, Traxxas has not released, and nothing in this Order shall be construed as a release or discharge of, any claim Traxxas has or may have in the future against any other defendant in this action. All such rights have been and are expressly reserved.

The Court **ORDERS, ADJUDGES**, and **DECREES** as follows:

1. For purposes of this lawsuit only, this Court has proper jurisdiction over Traxxas and Firelands and over the subject matter of this action.

2. The claims of the Traxxas Patents are enforceable and not invalid.

3. Firelands in the past has infringed upon one or more claims of each of the Traxxas Patents.

4. Traxxas is awarded damages in the amount of One Million Two Hundred Forty Thousand One Hundred Ninety-Four dollars (US $1,240,194.00) for Firelands' past infringement of the Traxxas Patents.

5. All infringement claims made by Traxxas against Firelands in this lawsuit are hereby dismissed with prejudice.

6. Traxxas has not released, and nothing in this Order shall be construed as a release or discharge of, any claim Traxxas has or may have in the future against any other defendant named in this action. All such rights have been and are expressly reserved.

7. Firelands, their representatives, agents, servants, employees, and anyone for whom Firelands may be legally responsible, is permanently enjoined from performing the following actions with respect to its HLNA0301, HLNA0400, HLNA0684, HLNA0248, HLNA0672, HLNA0053, HLNA0676, HLNA0440, HLNA0678, HLNA0184, HLNA0674, HLNA0688, HLNA0668, AZSQ1800, HLNA0321, HLNA0068, HLNA0207 products, in the form that existed on or before the filing of the Complaint on July 7, 2016, (collectively "Infringing Products") during the term of the Traxxas Patents:

   a. selling, offering to sell, and/or importing in or into the United States Infringing Products;
   b. using any Infringing Product;
   c. instructing or encouraging anyone to use any Infringing Product;
   d. providing support or assistance to anyone that describes how to use any Infringing Product; and
   e. testing, demonstrating or marketing any Infringing Product.

This injunction is effective from the date the Order is entered.

8. Within ninety (90) days after the Order is entered, Firelands will destroy any inventory of Infringing Products in its possession or control as of the date the Order is entered and that comes into its possession or control after the date the Order is entered.

9. The Final Judgment shall be entered in favor of Traxxas against Firelands on Traxxas' causes of action for infringement of the Traxxas Patents.

10. Traxxas and Firelands affirmatively waive any and all rights to appeal this Order.

11. This Court shall retain jurisdiction to monitor and enforce compliance with the Stipulated Permanent Injunction.

12. Each party shall bear its own costs and attorneys' fees.

**So ORDERED and SIGNED this 2nd day of May, 2018.**

```
                              _____
                              RODNEY GILSTRAP
                              UNITED STATES DISTRICT JUDGE
```